**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0217, <u>Sanjeev Lath v. Scott Sample</u>, the court on September 15, 2016, issued the following order:**

Having considered the brief, memorandum of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, Sanjeev Lath, appeals an order of the Circuit Court (<u>Kent</u>, R., approved by <u>Lyons</u>, J.), following a bench trial, ruling in favor of the defendant, Scott Sample, on his small claim. The plaintiff sought the return of a $30 fee that he paid the defendant, the maintenance manager for a condominium complex in which he owns a unit, to unlock his unit after business hours. The evidence at trial established that: (1) at the time the plaintiff paid the fee, the condominium association's written policy governing after-hours "lock outs" provided that "**[t]here is a $30 charge payable immediately to the person called out after hours**" to unlock a unit; (2) the longstanding practice was that the maintenance employee called after hours to unlock a unit would keep the $30 charge as compensation; and (3) the board of directors for the condominium association was aware of, and approved, this practice. The trial court ruled: "The rules make it clear that the fee is due but it is ambiguous as to who keeps the fee. Since the evidence demonstrates that the Board sanctions the fee that ambiguity is resolved in favor of the defendant." According to the trial court, "The Plaintiff's cause of action is administrative with the Board or with the association to change the rule."

On appeal, the plaintiff does not dispute that, under the policy, he was required to pay the $30. Rather, he raises several arguments claiming that, because the defendant is a salaried employee of the condominium association who is entitled to a fixed sum of compensation under RSA 275:42, VI (Supp. 2015) and RSA 275:43-b (2010), it was unlawful for <u>the defendant</u> to retain the $30. According to the plaintiff, the $30 should have been paid into the condominium association's "common expense fund." We assume, without deciding, that the plaintiff's arguments are preserved.

As the appealing party, the plaintiff has the burden of demonstrating reversible error. <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's order, the plaintiff's challenges to it, the relevant law,

and the record submitted on appeal, we conclude that the plaintiff has not demonstrated reversible error.  See id.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**
